IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, Plaintiffs, v. BRICKLAYER, INC., a dissolved Illinois corporation, MACIEJ SPITZA, individually and d/b/a BRICKLAYER, INC., EWA SPITZA, a/k/a ELIA SPITZA, individually and d/b/a BRICKLAYER, INC., IL BRICKLAYER, INC., an Illinois Corporation, also d/b/a BRICKLAYER, INC., and MASONRY GROUP, INC., and Illinois Corporation, Defendants. | Case No. 08 cv 0781<br><br>JUDGE LEFKOW |

## FIRST AMENDED COMPLAINT

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively "Funds") and James S. Jorgensen (hereinafter "Jorgensen"), Administrator of the Funds, by their attorneys, Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy N. Carollo, and Charles Ingrassia, for their First Amended Complaint against Defendants Bricklayer, Inc., a dissolved Illinois corporation, Maciej Spitza, individually and d/b/a Bricklayer, Inc., Ewa Spitza, a/k/a Elia Spitza, individually and d/b/a Bricklayer, Inc., IL Bricklayer, Inc., an Illinois corporation, also d/b/a Bricklayer, Inc., and Masonry Group, Inc., state:

## COUNT I

**(Failure To Timely Pay Employee Benefit Contributions)**

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and federal common law.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4. Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. Defendant Bricklayer, Inc., (hereinafter "Bricklayer" or the "Company"), is a dissolved Illinois corporation. The Company was dissolved by the Illinois Secretary of State on February 9, 2007. Notwithstanding its dissolution, at all times relevant herein, the Company did business within this District and was an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6. Defendant Maciej Spitza (hereinafter "M. Spitza") is and was an Officer and/or Director of the Company, conducted business on behalf of the Company during periods of its dissolution, is and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c), and furthermore, is liable for all debts and liabilities of the Company to the Funds incurred in carrying on its business after the involuntary dissolution pursuant to 805 ILCS 5/1 et seq.

7. Defendant Ewa Spitza, a/k/a Elia Spitza (hereinafter "E. Spitza") is and was an Officer and/or Director of the Company, conducted business on behalf of the Company during periods of its dissolution, is and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c), and furthermore, is liable for all debts and liabilities of the Company to the Funds incurred in carrying on its business after the involuntary dissolution pursuant to 805 ILCS 5/1 et seq.

8. Defendant IL Bricklayer, Inc. (hereinafter "IL Bricklayer"), is an Illinois corporation, does business within this District as Bricklayer, and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

9.      Defendant Masonry Group, Inc. (hereinafter "Masonry Group"), is an Illinois corporation, does business within this District, and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

10.     The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company have been parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2006. ("Agreement"). (A copy of the Agreement entered into between the Union and the Company which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust is attached hereto as Exhibit A.)

11.     The Funds have been duly authorized to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees. Further, the Funds have been duly authorized by the construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Mason Contractors Association of Greater Chicago ("MCA"), CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), and the Laborers' District Council Labor Management Committee Cooperative ("LDCMC") to act as an agent in the collection of contributions due to those funds.

12.     The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed 20 percent liquidated damages plus interest.

13.     The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

14.     The Agreement obligates the Company to obtain and maintain a surety bond to insure future wages, pension and welfare contributions.

15.     Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a)     failed to submit reports and contributions to Plaintiff Laborers' Pension Fund for the period of October 2006 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)     failed to submit reports and contributions to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of October 2006 forward, thereby depriving the Welfare

5

Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to submit reports and contributions to Laborers' Training Fund for the period of October 2006 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(d) failed to report and pay all contributions owed to one or more of the other affiliated funds identified above for the period of October 2006 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries;

(e) failed to submit its book and records to the Fund for an audit for the period of September 27, 2005 forward; and

(f) failed to obtain and maintain a surety bond in accordance with the collective bargaining agreement.

16. The Company's actions in failing to submit reports and contributions, submit to an audit, and obtain a bond violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185, and federal common law interpreting ERISA, 29 U.S.C. §1132 (g)(2).

17. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, the terms of the Agreement and the Funds' respective Trust Agreements, and 805 ILCS 5/1 et seq., the Company, IL Bricklayer, M. Spitza, and E. Spitza are liable to the Funds for all delinquent contributions, liquidated damages,

interest, audit costs, and attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendants Bricklayer, Inc., IL Bricklayer, d/b/a Bricklayer, Inc., Maciej Spitza, individually and d/b/a Bricklayer, Inc., and Ewa Spitza, a/k/a Elia Spitza, individually and d/b/a Bricklayer, Inc.:

    a.    ordering Defendants to submit benefit reports and contributions from October 2006 forward;

    b.    ordering Defendants to submit the Company's books and records to an audit by Plaintiffs for the period of September 27, 2005 forward;

    c.    entering judgment in sum certain against the Company, IL Bricklayer, M. Spitza and E. Sptiza on the amounts due and owing, and on any amounts due and owing pursuant to the October 2006 forward benefits reports to be submitted and audit, including interest, liquidated damages, audit costs, and attorneys' fees and costs; and

    d.    awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure To Pay Union Dues)

18.    Plaintiffs reallege paragraphs 1 through 14 of Count I.

19.    Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees.

20. Pursuant to the terms of the Agreement, dues which are not submitted in a timely fashion are assessed 10 percent liquidated damages.

21. Notwithstanding the obligations imposed by the Agreement, the Company has failed to withhold and/or report to and forward union dues that were deducted or should have been deducted from the wages of its employees for the period of June 2006 forward, thereby depriving the Union of income and information.

22. Pursuant to the Agreement and 805 ILCS 5/1 et seq., the Company, IL Bricklayer, M. Spitza, and E. Spitza are liable to the Funds for the unpaid union dues, as well as liquidated damages, and reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants Bricklayer, Inc., IL Bricklayer, Inc., d/b/a Bricklayer, Inc., Maciej Spitza d/b/a Bricklayer, Inc., and Ewa Spitza, a/k/a Elia Spitka, d/b/a Bricklayer, Inc., for the amount of the union dues owed to date together with all liquidated damages, audit costs, attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

## COUNT III

### (Successor Liability, Alter Ego Liability, Single Employer Liability)

23. Plaintiffs reallege paragraphs 1 through 17 of Count I and paragraphs 19 through 21 of Count II.

24. IL Bricklayer and Masonry Group are successors to, alter egos of, and/or single

employers with Bricklayer, M. Spitza, and E. Spitza. IL Bricklayer and Masonry Group used and uses the same equipment used by Bricklayer, M. Spitza, and E. Spitza; used and use some of the same employees employed by Bricklayer, M. Spitza, and E. Spitza; performed and perform the same type of work performed by Bricklayer, M. Spitza, and E. Spitza; operates their businesses from the same location used by Bricklayer, M. Spitza, and E. Spitza; are managed by and/or has had their work supervised by the same personnel who managed and/or supervised the work performed by Bricklayer, M. Spitza, and E. Spitza.

25. M. Spitza and E. Spitza are Owners and/or Supervisor/Manager of Defendants IL Bricklayer, Bricklayer, and Masonry Group.

26. M. Spitza and E. Spitza direct, control, and manipulate the activities of IL Bricklayer, Bricklayer, and Masonry Group.

27. IL Bricklayer and Masonry Group's activities and business operations are conducted in a complimentary method to further Bricklayer, M. Spitza, and E. Spitza's business activities.

28. IL Bricklayer and Masonry Group have held themselves out as Bricklayer to avoid union obligations.

29. As successors, alter egos, and/or single employers, IL Bricklayer and Masonry Group are liable for the debts of Bricklayer, M. Spitza, and E. Spitza to the Funds.

WHEREFORE, Plaintiffs respectfully request this Court to enter judgment against Defendants IL Bricklayer, Inc., Bricklayer, Inc., Masonry Group, Inc., Maciej Spitza, and Ewa Spitza, a/k/a Elia Spitza, as follows:

(a) Finding that IL Bricklayer, Inc., and Masonry Group, Inc., are successors to, alter

egos of, and/or single employers with Bricklayer, Inc., Maciej Spitza, d/b/a Bricklayer, Inc., and Ewa Spitza, a/k/a Elia Spitza, also d/b/a Bricklayer, Inc.;

(b) Finding that IL Bricklayer, Inc., and Masonry Group, Inc., are jointly and severally liable to the Funds for the delinquent contributions, dues, interest, liquidated damages and attorneys' fees and court costs as set forth in Counts I and II;

(c) Ordering IL Bricklayer, Inc., and Masonry Group, Inc., to submit their books and records to an audit for the time period of September 27, 2005 forward and pay the Funds all delinquent contributions, interest, liquidated damages and audit costs, attorneys' fees and costs; and

(d) Granting all such other legal and equitable relief as the Court deems just and proper.

March 5, 2008

Laborers' Pension Fund, et al.

Christina Krivanek

Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy N. Carollo
Charles Ingrassia
Laborers' Pension and Welfare Funds
Sub Office, 111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused a copy of the First Amended Complaint to be served upon the following person, via U.S. Mail, this 5th day of March 2008.

Bricklayer, Inc.
c/o Justyna Doleglo, Registered Agent
445 Aster Ln.
Hoffman Estates, IL  60169